Terrance JOHNSON *v.* STATE of Arkansas

CR 06-1304                                         249 S.W.3d 791

Supreme Court of Arkansas
Opinion delivered February 8, 2007

Appellant, pro se.

No response.

PER CURIAM. In 2005, Terrance Johnson was found guilty of murder in the first degree, committing a terroristic act, and discharging a firearm from a vehicle. He was sentenced as a habitual offender to an aggregate term of 528 months' imprisonment. The Arkansas Court of Appeals affirmed. *Johnson v. State*, CACR 04-1275 (Ark. App. Sept. 28, 2005).

Subsequently, on December 15, 2005, appellant timely filed in the trial court a *pro se* petition for postconviction relief pursuant to Criminal Procedure Rule 37.1, which was denied after a hearing at which he was represented by appointed counsel, Patrick Benca. The petition was denied,[1] and Mr. Benca lodged an appeal from that order in this court. On December 7, 2006, he was relieved as counsel.

Appellant's brief was due here no later than December 27, 2006. No brief was filed, and now before us is the appellee's motion to dismiss the appeal. In his response to the motion, appellant asserts that he was unaware that Mr. Benca had been relieved and urges this court to allow the appeal to go forward.

While Mr. Benca's motion to be relieved shows service on appellant and a copy of the order granting the motion was mailed to appellant, it is likely that appellant was unaware of the date the brief was due to be filed as there is nothing to demonstrate that he was advised of the briefing schedule. Under these circumstances, we deny the appellee's motion to dismiss the appeal and direct appellant to file a brief within thirty days of the date of this

---

[1] A pro se motion for leave to file an amended Rule 37.1 petition was filed by appellant on January 20, 2006. There is no order in the record granting the motion and there is no amended petition contained in the record, but the State filed a response to an amended petition and the court specifically stated during the hearing that it was considering both the initial petition and the amended petition.

opinion. If the appellant opts to retain an attorney to represent him in this appeal, counsel's entry of appearance must be made within the thirty-day period.

If it is appellant's contention that he is entitled to appointment of counsel, he may submit within the thirty-day period a motion for appointment of counsel. In support of such a motion, appellant is obligated to submit with it a motion to proceed *in forma pauperis* with his affidavit of indigency appended in accordance with Rule 6-6. The motion and affidavit are necessary because there is no order in the record declaring him to be indigent for the purposes of this appeal. In the order appointing Mr. Benca, the court said that one of counsel's obligations was to determine whether appellant was indigent, but apparently no order was entered declaring him indigent, and there was no reference at the hearing to appellant's financial status. The only indication of indigency in the record is in the notice of appeal filed by Mr. Benca which states that appellant was found indigent for the purposes of the appeal.

Motion to dismiss appeal denied.